UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DAE SUB CHOI, for himself and all others
similarly situated,

        Plaintiff,

  -v-                                                         No.  17 CV 191-LTS

SUSHI MARU EXPRESS CORP., et al.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiff Dae Sub Choi commenced this putative collective and class action asserting violations of Federal and State labor laws against Defendants by filing a Complaint on January 11, 2017.  (Docket entry no. 1 ("Compl.").)  This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.  Defendants have now moved, inter alia, to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).  The Court has carefully considered the submissions of both parties in connection with the instant motion and, for the following reasons, Defendants' motion is granted and this matter will be transferred to the District of New Jersey.

### BACKGROUND

Plaintiff was employed by Defendants as a sushi chef from approximately November 2011 through November 2016.  (Compl. ¶ 11.)  Plaintiff is a New Jersey resident and his apparent direct employer, Defendant Sushi Maru Express Corp. ("Sushi Maru"), is a New Jersey corporation with its principal place of business in Ridgefield, New Jersey.  (Compl. ¶¶ 1-2.)  Plaintiff alleges that he was hired to work at a Sushi Maru location in New Jersey, but was

ultimately required to travel to Sushi Maru locations in New York, both in the Southern District and elsewhere.  (Compl. ¶ 12.)  In connection with the instant motion, Defendants have proffered a sworn declaration of Defendant Kevin Kim, the President of Sushi Maru, who reviewed Plaintiff's employment records and determined that Plaintiff worked approximately 1,017 total shifts for Sushi Maru, of which 912 were worked in New Jersey and 9 were worked somewhere in New York.  (Docket entry no. 23, Declaration of Jeffrey Schlossberg, Ex. 2 (Declaration of Kevin Kim), ¶¶ 8-9.)  Defendants, in their briefing, have identified a number of key witnesses who are New Jersey residents.  (Docket entry no. 24, Defs.' Mem. of Law in Support, at p. 7.)

## DISCUSSION

Section 1404(a) permits the district court to transfer any civil action to another district where it might have been brought, where such transfer is "[f]or the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C.S. § 1404(a) (LexisNexis 2012).  Thus, "[s]ection 1404(a) proposes a two-part test.  First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent.  Second, the transfer must be in the interest of justice and convenience of the parties and witnesses."  Whitehaus Collection v. Barclay Products, Ltd., No. 11 CV 217, 2011 WL 4036097, at *1 (S.D.N.Y. Aug. 29, 2011) (internal quotation marks omitted).

The parties do not dispute that this case could have been brought in the District of New Jersey.  Having satisfied that threshold inquiry, the Court must evaluate the following factors in determining whether transfer is appropriate

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's

choice of forum; and (9) trial efficiency and the interests of justice. Morris v. Ernst & Young, LLP, No. 12 CV 838, 2012 WL 3964744, at *3 (S.D.N.Y. Sept. 11, 2012) (quoting In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006)).  The party seeking transfer "carries the burden of making out a strong case for transfer" through "clear and convincing evidence."  See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (quoting Filmline (Cross—Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)) (internal quotation marks omitted).

District courts "have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness [must be] considered on a case-by-case basis."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir.2006).  "An important interest to be considered is the discouragement of forum shopping."  Freeman v. Hoffmann–La Roche Inc., No. 06 CV 13497, 2007 WL 895282, at *3 (S.D.N.Y. Mar. 21, 2007) (quoting Unique Indus., Inc. v. Lisa Frank, Inc., No. 93 CV 8037, 1994 WL 525041, at *2 (S.D.N.Y. Sept. 23, 1994)) (internal quotation marks omitted).  Accordingly, a plaintiff's choice of forum is given less deference when it is not his home district.  Freeman, 2007 WL 895282, at *4.

Here, Plaintiff resides in New Jersey, and Sushi Maru, his primary employer, is a New Jersey corporation.  The uncontroverted evidence proffered by Defendants indicates that Plaintiff worked 89.6% of his shifts in New Jersey, and 0.88% of his shifts in New York. Although this evidence indicates that there is some connection to this District, the locus of operative facts has a much stronger connection to New Jersey than New York.  Moreover, Defendant has identified a number of likely witnesses who are New Jersey residents, and Plaintiff has neither disputed that these witnesses would be relevant, nor proffered the identities of key witnesses located in this District.  Further, in light of Plaintiff's residence in New Jersey,

his choice of this District is due only limited deference. "In the absence of factual proffers indicating that relevant evidence is likely to be located in this District, the choice of New York venue suggests forum shopping." Hix v. Morgan Stanley & Co. LLC, No. 15 CV 217, 2015 WL 1726548, at *2 (S.D.N.Y. Apr. 15, 2015) (Swain, J.)  Here, aside from Plaintiff's possible intent to enlist other, New York-based, employees as part of this putative collective action, there is no indication that Plaintiff's connections to this District are material to this litigation.

The Court has considered the remaining factors relevant to a motion to transfer, as well as the objections of Plaintiff, and finds that, on balance, that Defendants have demonstrated, through a clear and convincing showing, that the interests of justice and convenience to the parties and witnesses strongly favor transfer of this case to the United States District Court for the District of New Jersey.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is granted.  The Clerk of Court is respectfully directed to transfer the above-captioned case, including the pending motion for partial judgment on the pleadings and for conditional certification of the collective, to the United States District Court for the District of New Jersey, and close the case on the books of this Court.

This Memorandum Opinion and Order resolves docket entry no. 22.

SO ORDERED.

Dated: New York, New York
       July 10, 2017

                                        /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       United States District Judge