UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAE SUB CHOI, | |
| Plaintiff, | |
| v. | Civil Action No. 17-5230 (MCA) (MAH) |
| SUSHI MARU EXPRESS CORP., SUSHI NARA, KOMOLO, INC., KEVIN KIM, HAK JAE LIM, et al., | OPINION |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's motion for Retransfer of Venue to the United States District Court for the Southern District of New York or to the Eastern District of New York, D.E. 42. The Court has considered the motion, opposition, and applicable law. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court will deny Plaintiff's motion to Retransfer.

## II. BACKGROUND

Plaintiff Dae Sub Choi filed this putative class and collective action in the United States District Court for the Southern District of New York against various Defendants alleging wage and hour violations under the Fair Labor Standards Act ("FLSA"). *See generally* Complaint, D.E. 1. Plaintiff alleges that Defendants employed him as a sushi chef from approximately November 2011 through November 2016. *Id*. at ¶ 11. Plaintiff alleges that he was hired to make sushi products at one or more of Defendants' locations. *Id*. Plaintiff is a New Jersey resident.

*Id*. at ¶ 1. Plaintiff alleges that Defendant Sushi Maru Express Corp ("Sushi Maru") is a New Jersey corporation with its principal place of business in Ridgefield, New Jersey. *Id*. at ¶ 2. Plaintiff alleges that Defendant Sushi Nara is a business entity with its principal place of business in Ridgefield, New Jersey. *Id*. at ¶ 3. Plaintiff alleges that Defendant Komolo, Inc. is a business entity located in Elkridge, Maryland which supplies sushi supplies to the other Defendants. *Id*. at ¶ 4. Plaintiff alleges that Kevin Kim is a New Jersey resident and managed labor affairs on behalf of Shushi Maru and Sushi Nara. *Id*. at ¶ 5. Plaintiff also alleges that Hak Jae Lim is a resident of New Jersey and managed labor affairs on behalf of Sushi Maru and Sushi Nara. *Id*. at ¶ 6.

On January 30, 2017, District Judge Swain of the Southern District of New York ordered Plaintiff to show cause why venue was proper in the Southern District of New York, and why the case should not be transferred to the United States District Court for the District of New Jersey or the Eastern District of New York. Plaintiff filed a response to the Order to Show Cause on February 8, 2017 [D.E. 17]. Defendants also filed a response to the Order to Show Cause on February 20, 2017 [D.E. 18]. On February 21, 2017, the Court deemed the Order to Show Cause satisfied by Plaintiff's response "without prejudice to motion practice by the Defendant in accordance with the Federal Rules of Civil Procedure . . ." *See* February 2, 2017 Order, D.E. 19. Thereafter, Defendants moved to transfer this matter to the District of New Jersey [D.E. 22] pursuant to 28 U.S.C. §1404(a). On July 10, 2017, the Court issued an order and opinion granting Defendants' motion and transferring this action to this district. *See* Order and Opinion, D.E. 39.

Plaintiff now seeks to "retransfer" this action to the Southern District of New York ("SDNY") or to the Eastern District of New York ("EDNY"). Since the filing of the instant

motion, Plaintiff also petitioned the United States Court of Appeals of the Second Circuit for a writ of mandamus or prohibition to direct the SDNY to vacate its order transferring this action to the District of New Jersey. On October 19, 2017, the Second Circuit denied the petition and dismissed the proceeding "because [Plaintiff] has not demonstrated that exceptional circumstances warrant the requested relief." *See* Second Circuit Order, D.E. 51, at 2.

**III.     DISCUSSION**

Plaintiff asks this Court to retransfer this case back to the Southern District of New York but cites to no authority that would allow this Court to reexamine a decision made by the transferor court.[1] Indeed, the law of the case doctrine generally forbids just such a reconsideration. The law of the case doctrine prevents one district court from reconsidering issues decided by another district court in the same action. *See In re City of Phila. Litig.,* 158 F.3d 711, 717 (3d Cir. 1998). This doctrine "prevents courts from entertaining endless litigation of the same issue and [] promotes finality and judicial economy." *Pub. Interest Research Group v. Magnesium Elektron, Inc.* 123 F.3d 111, 116 (3d Cir. 1997). "A disappointed litigant should not be given a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances." *Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162 (3d Cir. 1982). A district court may reconsider a decision that has become law of the case only upon a showing of unusual circumstances, which Courts have generally held are limited to circumstances

> (1) where the transferor judge becomes unavailable, thereby precluding a party from filing a motion for reconsideration; (2) where new evidence is available; (3)

---

[1] Although Plaintiff's motion includes transfer to either SDNY or EDNY, Plaintiff primarily discusses venue in SDNY. The Court's analysis, however, is the same for either venue.

where a supervening change in law occurs; or (4) where the decision was clearly erroneous and would work a manifest injustice.

*Alexander v. Frankling Res., Inc.,* Nos. 07-848, 07-1309, 2007 WL 2021787, at *2 (D.N.J. July 9, 2007). "Adherence to the law of the case principles is even more important in this context where the transferor judge and the transferee judge are not members of the same court." *Hayman,* 669 F.2d at 169.

The United States Court for Appeals of the Third Circuit applied this doctrine in *Hayman* when it reversed the lower court's decision to retransfer an action. In *Hayman*, the District Court for the District of Columbia transferred an action to the District of New Jersey pursuant to 28 U.S.C. § 1406(a). Thereafter, the District Court in the District of New Jersey found that the case was improperly transferred because that district did not have personal jurisdiction over one of the defendants. The District Court for the District of New Jersey reasoned that the Supreme Court's decision in *Hoffman v. Blaski*, 363 U.S. 335 (1960) allowed the transferee court to reexamine its personal jurisdiction over the matter.[2] Accordingly, the court transferred the matter back to the District of Columbia.

---

[2] In *Blaski*, the District Court for the Northern District of Texas transferred the action to the Northern District of Illinois pursuant to § 1404(a). Plaintiffs then sought a writ of mandamus from the United States Court of Appeals for the Fifth Circuit to vacate the decision. The Fifth Circuit denied the motion and the case was transferred to the Northern District of Illinois. The plaintiffs then sought to have the Northern District of Illinois retransfer the case to the Northern District of Texas. The District Court for the Northern District of Illinois denied the motion, and plaintiff appealed to the Seventh Circuit. The Seventh Circuit reversed the Northern District of Illinois. The Seventh Circuit reasoned that Illinois lacked jurisdiction and therefore that transfer to the Northern District of Illinois was improper. The Supreme Court affirmed the Seventh Circuit's decision. The Supreme Court reasoned that the Northern District of Texas, and therefore the Fifth Circuit, made no determination of whether the Northern District of Illinois court had venue or personal jurisdiction. *See Blaski*, 363 U.S. at 357 & n.9.

On appeal, the Third Circuit reversed the retransfer decision. The Third Circuit distinguished the facts in *Hayman* from those in *Blaski,* and instructed that *Blaski* "should be read to allow a determination of venue and jurisdiction by the transferee court only when this determination has not been previously made by the transferor court." *Hayman,* 669 F.2d at 166. The Third Circuit noted that unlike in *Blaski,* where the Fifth Circuit made no determination of venue or jurisdiction, when the District Court for the District of Columbia transferred the case in *Hayman*, it specifically determined that personal jurisdiction existed in New Jersey. The Third Circuit found that because the District Court for the District of Columbia made a specific determination that personal jurisdiction existed, that decision became the law of the case. *Id*. at 166. Therefore, the District Court for the District of New Jersey was subject to the law of the case doctrine. The action was remanded back to the District of New Jersey to determine whether one of the "unusual circumstances" exceptions to the law of the case doctrine applied. *Id.* at 170.

The instant matter is similar to *Hayman*. In this case, the District Court for the Southern District of New York explicitly found that venue was proper in the District of New Jersey pursuant to 28 U.S.C. § 1404(a). The July 10, 2017 Opinion and Order transferring this case to the District of New Jersey concluded that "Defendants have demonstrated through a clear and convincing showing, that the interest of justice and convenience to the parties and witnesses strongly favor transfer of this case to the United States District Court for the District of New Jersey." *See* Order and Opinion, D.E. 39, at 4. Moreover, no party contests this Court's personal jurisdiction. Plaintiff claims to be a New Jersey resident, and alleges that Defendants Sushi Maru Express Corp. and Sushi Nara maintain their principal places of business in New Jersey, and that Kevin Kim and Hae Jae Lim reside in New Jersey. Complaint, D.E. 1, ¶¶ 1-6.

Additionally, all Defendants argue that this case should be venued in this Court. *See* Defendants' Opposition Brief to Plaintiff's Motion To Transfer, D.E. 49-4, at 3-5.

Therefore, retransfer is appropriate only if Plaintiff can establish that "unusual circumstances" warrant an exception to the law of the case doctrine. However, Plaintiff presents no such unusual circumstances. Plaintiff contends that the Southern District of New York is the proper venue because "significant wage theft violations were committed by defendants" occurred there, potential third-party witnesses are located in the Southern District of New York, and that district is most closely tied to the dispute. Movant Brief ("Movant Br."), D.E. 42-1, at 7. None of those arguments even comes close to an unusual circumstance. Plaintiff's remaining assertions amount to mere reargument of his original opposition to the motion to transfer that the Southern District of New York granted. Those arguments present no new evidence or intervening change in the law, and therefore fall well short of the standard for unusual circumstances. Plaintiff, therefore, has made no showing that would permit this Court to reexamine the decision of the Southern District of New York court, affirmed by the Second Circuit, to transfer this case to the District of New Jersey. Accordingly, Plaintiff's motion to retransfer is denied.

### IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion to retransfer. An appropriate order will accompany this opinion.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Date: February 27, 2018