NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAE SUB CHOI, | |
| Plaintiff, | |
| v. | Civil Action No. 17-5230 (MCA) (MAH) |
| SUSHI MARU EXPRESS CORP., SUSHI NARA, KOMOLO, INC., KEVIN KIM, HAK JAE LIM, et al., | OPINION |
| Defendants. | |

**HAMMER, United States Magistrate Judge**

**I.    INTRODUCTION**

This matter comes before the Court on Plaintiff's motion to consolidate *Choi v. Sushi Maru Express Corp., et al.*, Civil Action No. 17-5230 (MCA)(MAH), ("Choi"), with another matter pending in this district, *Chun v. Sushi Maru Express Corp.*, *et al.*, Civil Action No. 17-6411 (JMV)(MF), ("Chun"), D.E. 67.  The Court has considered the motion, opposition, and applicable law.  Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers.  For the reasons below, the Court will deny Plaintiff's motion to consolidate the matters.

**II.   BACKGROUND**

In Choi, Plaintiff Dae Sub Choi originally filed a putative class and collective action in the United States District Court for the Southern District of New York against various Defendants alleging wage and hour violations under the Fair Labor Standards Act ("FLSA").

*See generally* Complaint, D.E. 1. Plaintiff alleges that Defendants employed him as a sushi chef from approximately November 2011 through November 2016. *Id*. at ¶ 11. Plaintiff further alleges that he was hired to make sushi products at one or more of Defendants' locations. *Id*. Plaintiff is a New Jersey resident. *Id*. at ¶ 1. Plaintiff alleges that Defendant Sushi Maru Express Corp ("Sushi Maru") is a New Jersey corporation with its principal place of business in Ridgefield, New Jersey. *Id*. at ¶ 2. Plaintiff alleges that Defendant Sushi Nara is a business entity with its principal place of business in Ridgefield, New Jersey. *Id*. at ¶ 3. Plaintiff alleges that Defendant Komolo, Inc. is a business entity located in Elkridge, Maryland which provides sushi supplies to the other Defendants. *Id*. at ¶ 4. Plaintiff alleges that Defendant Kevin Kim is a New Jersey resident and managed labor affairs on behalf of Shushi Maru and Sushi Nara. *Id*. at ¶ 5. Plaintiff also alleges that Defendant Hak Jae Lim is a resident of New Jersey and managed labor affairs on behalf of Sushi Maru and Sushi Nara. *Id*. at ¶ 6.

On January 30, 2017, District Judge Swain of the Southern District of New York ordered Plaintiff to show cause why venue was proper in the Southern District of New York, and why the case should not be transferred to the United States District Court for the District of New Jersey or the Eastern District of New York. Plaintiff filed a response to the Order to Show Cause on February 8, 2017 [D.E. 17]. Defendants also filed a response to the Order to Show Cause on February 20, 2017 [D.E. 18]. On February 21, 2017, the Court deemed the Order to Show Cause satisfied by Plaintiff's response "without prejudice to motion practice by the Defendant in accordance with the Federal Rules of Civil Procedure . . ." *See* February 2, 2017 Order, D.E. 19. Thereafter, Defendants moved to transfer this matter to the District of New Jersey [D.E. 22] pursuant to 28 U.S.C. §1404(a). On July 10, 2017, the Court issued an Order and Opinion

granting Defendants' motion and transferring the action to this district. *See* Order and Opinion, D.E. 39.

On August 3, 2017, Plaintiff sought to "retransfer" this action to the Southern District of New York ("SDNY") or to the Eastern District of New York ("EDNY"). *See* Motion to Transfer Case, D.E. 42. In an Opinion dated February 27, 2018, this Court denied that request. Feb. 27, 2018 Opinion, D.E. 53. While the motion was pending, Plaintiff petitioned the United States Court of Appeals of the Second Circuit for a writ of mandamus or prohibition to direct the SDNY to vacate its order transferring this action to the District of New Jersey. On October 19, 2017, the Second Circuit denied the petition and dismissed the proceeding "because [Plaintiff] has not demonstrated that exceptional circumstances warrant the requested relief." *See* Second Circuit Order, D.E. 51 at 2.

In Chun*,* on the other hand, Plaintiff Lois Chun originally filed a Complaint on August 25, 2017 in the United States District Court for the District of New Jersey naming the same Defendants as Plaintiff Choi, with the exceptions of Defendant Hak Jae Lim, Defendant ABC Companies 1-50, and Defendant John Does 1-30. *See generally* Complaint, D.E. 1. While Plaintiff Lois Chun's Complaint similarly alleges wage and hour violations under the FLSA as well as New Jersey Labor Law violations and failure to keep proper records, it also alleges defamation, violation of the New Jersey Conscientious Employee Protection Act ("NJ CEPA"), and retaliation for filing a worker's compensation request. *Id.*

Specifically, Plaintiff Chun, a New Jersey resident, alleges that Defendants employed her for nearly six months, from April 2016 through September 2016. *Id.* at ¶ 8. Plaintiff Chun submits that she was hired as a marketing employee to be in charge of the "then-future marketing direction of the Maru-Nara-Komolo combination of entities towards the next 'chapter' of their

development…" *Id.* ¶ 10. However, within one week of working as a marketing employee, Plaintiff Chun was allegedly informed that there was insufficient marketing work and she would be expected to do other things, such as addressing sanitary code violations. *Id.* ¶ 11. According to her Complaint, "since the first month of her being on the job with defendants, [she] reported to upper management about…unsanitary and unlawful practices and warned the officers and companies that they required immediate, remedial and compliance actions." *Id.* at ¶ 15. Plaintiff Chun's reports were allegedly to no avail, and, as "[r]etaliatory actions against her grew worse[,] . . .she was forced to stop going to work." *Id.* at ¶ 17.[1]

Furthermore, while a description of the matter is unnecessary as it does not appear to be included in Plaintiff's consolidation request, it is worthwhile to mention that there is also a related state court action, *Choi v. Sushi Maru Express Corp., et al.*, BER-L-2113-18, pending in the New Jersey Superior Court, Law Division, Bergen County.

### III. DISCUSSION

#### A. *Parties' Arguments*

Plaintiff asks this Court to consolidate the Choi and Chun matters under Federal Rule of Civil Procedure 42(a). Plaintiff submits that the two cases should be consolidated for judicial economy. Pl. Br. in Support of Motion to Consolidate, D.E. 67-1 at 2. Plaintiff further submits that "[b]ecause the cases are related; involve essentially the same defendants; involve

---

[1] On July 3, 2018, Plaintiff Lois Chun filed a First Amended Complaint. D.E. 11. Plaintiff Lois Chun's Amended Complaint alleges additional background facts related to "on site sanitary inspections." Pl. First Amended Complaint, D.E. 11 at ¶ N. Her First Amended Complaint also submits additional facts related to the alleged wage and hour violations under the FLSA. *Id.* at ¶¶ 20-27. It does not; however, include the claim for "failure to make proper employer contribution to Social Security and other benefits" that is alleged in the original Complaint.

employment and labor law issues; and most if not all the parties are amenable to process in New Jersey, consolidation is most favorable and clearly supported by the law." *Id.* at 3.

Defendants oppose Plaintiff's consolidation request, generally arguing that the actions should remain independent due to their different procedural postures and the different legal issues involved. Defs. Br. in Opp. to Motion to Consolidate, D.E. 69. Specifically, Defendants argue that the actions are "disconnected in terms of time, place, and parties, consolidation would provide few, if any benefits to expediting pretrial discovery, examination of records, the filing of motions, or conducting a trial." *Id*. at 1. To support their position, Defendants note that Plaintiff Choi alleges he was employed from 2011 to 2016, whereas Plaintiff Chun alleges that she was employed for a six-month period in 2016. *Id.* at 3. Defendants further note that the "record-keeping practices of the defendant have changed significantly between 2011 and 2016." *Id.*

Defendants also note that Plaintiff Chun alleges that she was initially hired in April of 2016 as a marketing employee but was later directed to address sanitary code violations, whereas Plaintiff Choi alleges that he was hired as a chef making sushi products. *Id.* Additionally, Defendants note, that Plaintiff Chun asserts a NJ CEPA claim, while Plaintiff Choi does not. Plaintiff Chun asserts a claim for defamation, while Plaintiff Choi does not. *Id.* Plaintiff Chun asserts unlawful retaliation for filing a worker's compensation claim, whereas Plaintiff Choi does not. *Id*. Plaintiff Chun does not assert that he was an investor and a shareholder; however, Plaintiff Choi does. *Id.*[2]

---

[2] At the end of their brief, Defendants rely on *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, (2018) to claim that "the plaintiff's effort to seek class certification will fail[,]" as Plaintiff Choi signed an employment contract in which he waived participation in class-action suits. Defs. Br. in Opp. to Motion to Consolidate, D.E. 69 at 4. As the Choi matter is not yet at the class certification stage, the Court does not need to address that argument.

In reply, Plaintiff affirms the alleged similarities between the cases, and, further, claims that Defendants have not overcome the caselaw favoring consolidation for judicial economy. Pl. Reply Br. in Further Support of Motion to Consolidate, D.E. 72 at 2. Plaintiff also takes issue with Defendants' reliance on *Epic Sys. Corp.*, contending that it has no bearing on the motion. *Id.*

Pursuant to Federal Rule of Civil Procedure 42, if actions before the Court involve a common question of law or fact, the Court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-(3). "The Third Circuit recognizes that this rule confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *April Denise Williams v. USA*, *et al.*, Civil Action No. 18-14455, 2018 WL 4929390, at *6 (D.N.J. Oct. 11, 2018) (citing *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)) (internal quotation marks omitted). "[W]hen exercising its discretion on a consolidation motion, a court should weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Murrell v. City of Hackensack*, Civil Action No. 16-2913, 2017 WL 4317387, at *2 (D.N.J. Sept. 28, 2017) (citing *Margolis v. Hydroxatone, LLC*, Civil Action No. 11-4355, 2013 WL 875987, at *2 (D.N.J. Mar. 6, 2013)). "The mere existence of common issues, however, does not require consolidation." *Id.* (citing *ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 309 F.R.D. 193, 194 (D.N.J. 2015)) (internal quotation marks omitted). "Nor can administrative or judicial efficiency serve, on its own, as a basis to consolidate." *ACR Energy*, 309 F.R.D. at 194.

*B. Analysis*

The Court finds consolidation of the two matters inappropriate. While Sushi Maru Express Corp., Sushi Nara, Komolo, Inc., and Kevin Kim are named as defendants in both Complaints, and both Complaints allege wage and hour violations under the FLSA, New Jersey Labor Law violations, and failure to keep proper records, the similarities end there. *See Murrell*, 2017 WL 4317387, at *2 (citing *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993)) ("the mere fact that two cases assert similar theories of recovery does not constitute a 'common question of law' so as to warrant consolidation.") (internal quotations omitted).

Most of the facts alleged in the operative Chun Complaint relate to her NJ CEPA, defamation, and retaliation claims—claims that are not alleged in the operative Choi Complaint. *See* Pl. First Amended Complaint, D.E. 11 at ¶¶ 12-18, ¶¶ 35-47. In fact, Plaintiff Chun's Complaint devotes seventeen paragraphs and twenty subparagraphs to the NJ CEPA, defamation, and retaliation claims, whereas she devotes eight paragraphs to the FLSA, New Jersey Labor Law, and failure to keep proper records claims.

Most relevant, however, is the fact that discovery for the NJ CEPA, defamation, and retaliation claims will be vastly different than discovery for the FLSA, New Jersey Labor Law, and failure to keep proper records claims. For example, the sanitary code and regulatory violations alleged in the NJ CEPA count of Plaintiff Chun's Complaint will likely require document discovery wholly distinct from the FLSA, New Jersey Labor Law, and failure to keep proper records claims. The NJ CEPA claim may also result in a request for a site inspection and will likely call for its own experts. Moreover, Plaintiff Chun's Complaint alleges that she was injured on the job and retaliated against for filing a worker's compensation request. *Id*. at ¶¶ 43-47. Such an allegation will likely result in document discovery even separate from the NJ CEPA

allegation, let alone the FLSA, New Jersey Labor Law, and failure to keep proper records allegations. The retaliation claim may itself produce a request for a site inspection.

Based on the foregoing, the Court finds no benefit in consolidating these matters. In fact, consolidation is more likely to be confusing, prejudicial, and inefficient given the discovery differences. Furthermore, Plaintiff did not explain, nor can the Court infer, any benefits related to expediting pretrial discovery that outweigh the potential for confusion, prejudice, and inefficiency by consolidating these matters.

Plaintiff's argument that "Defendants have not overcome the case law favoring judicial economy by consolidation of similar issues" is misleading. Pl. Reply Br. in Further Support of Motion to Consolidate, D.E. 72 at 2. Neither in the moving or reply brief does Plaintiff provide the Court with caselaw, which bears factual similarities to those here, where a court consolidated the matters.[3]

---

[3] By way of example, Plaintiff relies on *Switzenbaum v. Orbital Sciences Corp.*, 187 F.R.D. 246, 248 (E.D. Va. 1998) for the proposition that "[j]udicial economy generally favors consolidation." Pl. Reply Br. in Further Support of Motion to Consolidate, D.E. 72 at 2. While the Court in *Switzenbaum* did state that "[j]udicial economy generally favors consolidation," it qualified that statement with "but the Court must conduct a careful inquiry in this regard that balances the prejudice and confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings could engender." *Switzenbaum.*, 187 F.D.R. at 248. Additionally, in that matter, the consolidation request went unopposed, each matter being consolidated was a putative class action securities fraud case, and only the defendants' damages may have differed. Here, the consolidation request was opposed, only one of the two matters is a putative class and collective action (Choi), and the most detailed count in Plaintiff's Chun Complaint— the NJ CEPA violation—has a wholly separate and distinct legal basis from any allegation in the Choi Complaint.

The Court also notes that Plaintiff did not provide any authority either explaining the implications of or permitting consolidation of a putative class and collective action with a single plaintiff action.

Moreover, as noted in an above footnote, the Court agrees with Plaintiff in that Defendants' reliance on *Epic Sys. Corp.*, has no bearing on the present motion and does not need to be addressed at this time. Although the facts of the cases may overlap at times throughout discovery, that is not enough to convince the Court to consolidate them.

## IV.  CONCLUSION

For the reasons stated herein, Plaintiff's motion to consolidate, [D.E. 67], is denied. The Court will issue an order consistent with this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Date: October 30, 2018