NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAE SUB CHOI, for himself and all others similarly situated, | |
| | Civil Action No. 17-5230-EP-AME |
| Plaintiff, | |
| | **OPINION & ORDER** |
| v. | |
| SUSHI MARU EXPRESS CORP., et al., | |
| Defendants. | |

**ESPINOSA**, Magistrate Judge

This matter is before the Court on the motion by plaintiff Dae Sub Choi ("Plaintiff") for reconsideration of the Court's July 8, 2022 Order, which denied Plaintiff's request for leave to file a motion for approval of supplementary notice to potential opt-in plaintiffs, pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") (the "July 8 Order") [ECF 148]. Defendants Sushi Maru Express Corp., Sushi Nara, Komolo, Inc., Kevin Kim, and Hak Jae Lim (collectively, "Defendants") oppose the motion. The Court has considered the written submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons that follow, the motion is granted.

**I.   BACKGROUND**

On November 27, 2019, the District Court issued an order conditionally certifying this case as a collective action pursuant to the FLSA, 29 U.S.C § 216(b) [ECF 91]. The order

1

authorized notice to members of two conditionally certified collectives, consisting generally of individuals working as sushi chefs and other hourly wage earners employed by Defendants' food service business, and directed Defendants to provide Plaintiff the last known mailing addresses of individuals in those classes. However, notice could not be disseminated until the Court approved its content, which occurred by Order dated March 22, 2022.

In their jointly filed letter of June 17, 2022, the parties raised a dispute concerning whether Plaintiff should be permitted to send a second round of notice to the proposed collectives by means of email and/or text message [ECF 141]. Plaintiff wished to seek the District Court's approval of a modified, supplementary notice procedure on the grounds that the initial notice by mail had been ineffective, contending the list of postal addresses provided by Defendants for its food service workers, in or about late 2019, was no longer accurate or reliable in light of the intervening Covid-19 pandemic and its related impact on population and employment shifts. After inviting and considering concise letter briefs from the parties [ECF 143, 145], this Court entered its July 8 Order denying Plaintiff leave to file a motion for approval of modified and/or supplementary notice, on the basis that Plaintiff had failed to demonstrate good cause for bringing the motion [ECF 147].

On July 21, 2022, Plaintiff filed this motion seeking reconsideration of the July 8 Order.

## II.   DISCUSSION

To prevail on a motion for reconsideration, the moving party must identify dispositive factual matters or controlling decisions of law overlooked by the court in reaching its decision. L. Civ. R. 7.1(i); *Bryan v. Shah*, 351 F.Supp.2d 295, 297 n. 2 (D.N.J. 2005) (citing *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F.Supp.2d 610, 612 (D.N.J. 2001). A court may not grant a

motion for reconsideration unless the moving party shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Banda v. Burlington County*, 263 F. App'x 182, 183 (3d Cir. 2008) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The Third Circuit has emphasized that a motion for reconsideration is "extremely limited" in scope and cautioned that it should "not to be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

      Although reconsideration must be granted sparingly, Plaintiff has made a sufficient demonstration for the Court to reconsider its July 8 Order, to prevent manifest injustice. Plaintiff has argued that intervening circumstances between the conditional certification of this action in November 2019 and distribution by postal mail upon approval granted in March 2022 have diminished the efficacy of notice to potential members of the FLSA collectives. Here, the Court does not reach any conclusions regarding whether the circumstances presented warrant supplementary notice, as Plaintiff contends, nor does it express any view concerning the merits of such a request. The relief Plaintiff seeks, to modify the procedure authorized by the conditional certification order, is a matter requiring consideration by the District Court. However, in the interest of justice, and to ensure Plaintiff has a full opportunity to present his concern regarding notice to the FLSA collectives and seek appropriate relief, this Court reconsiders its July 8 Order. Accordingly, it grants Plaintiff leave to file a motion to modify the conditional certification order and obtain authorization for supplementary notice by email and/or text message.

### III.     ORDER

Accordingly, for the foregoing reasons,

**IT IS** on this 12th day of October 2022,

**ORDERED** that Plaintiff's motion for reconsideration of the Court's July 8, 2022 Order [ECF 148] is **GRANTED**; and it is further

**ORDERED** that Plaintiff is granted leave to file a motion to modify the conditional certification order of November 27, 2019, for authorization to distribute notice of this FLSA action to the conditionally certified collectives by email and/or text message; and it is further

**ORDERED** that Plaintiff shall file his motion no later than October 28, 2022.

 /s/ <i>André M. Espinosa</i>  
ANDRÉ M. ESPINOSA  
United States Magistrate Judge