**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAE SUB CHOI, *for himself and all others similarly situated,*<br><br>   Plaintiffs,<br><br>   v.<br><br>SUSHI MARU EXPRESS CORP., *et al.*,<br><br>   Defendants. | No. 17cv5230 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

Plaintiff Dae Sub Cho is a food service employee. Defendants are are sushi restaurants, suppliers, and individuals involved with those businesses. Plaintiff alleges, on behalf of a putative class, that Defendants have committed various Fair Labor Standards Act ("FLSA") wage and overtime violations. D.E. 1 (Compl.). The Honorable Madeline Cox Arleo, previously assigned to this matter, conditionally certified a class on November 23, 2019. D.E. 91 ("Certif. Order"). On March 22, 2022, Judge Arleo approved notice to that class via mail, personal delivery, or courier service. D.E. 136 ("Notice Order").

After many of the mailings were allegedly undeliverable, Plaintiff now asks the Court to order Defendants to supplement the potential class members' addresses with each employee's: (1) email address; (2) cell phone number; and (3) other contact information received since March 20, 2020. D.E. 159-1 (Kimm Decl.) ¶ 13.[1] Plaintiff also seeks leave to serve those individuals by text message to their cell phones and by email. *Id.* ¶ 14. Text messages would be sent with an

---

[1] Declaration of Plaintiff's counsel Michael Kimm.

abbreviated summary of the matter and requesting an email address to provide the full Proposed Notice of Pendency (the "Notice"). *Id.* The emails would contain the full Notice in English and Korean. *Id.*

Defendants oppose. First, Defendants argue that Plaintiffs' motion is essentially one to reconsider, making the motion untimely by several years if measured from Judge Arleo's November 27, 2019 Certification Order. D.E. 162 ("Opp'n") at 6. Second, Defendants argue that Plaintiff has not presented "new evidence" justifying departure from that Certification Order. *Id.* 8. Third, Defendants argue that Plaintiff has failed to address issues raised by Judge Espinosa regarding Plaintiff's prior submission, specifically: (1) a lack of authority for modified notice; and (2) Judge Arleo's previous rejection of the exact type of expanded notice Plaintiff now seeks. Opp'n 9. Plaintiff did not reply.

For the reasons below, the Court will **DENY** Plaintiff's motion.

I.     **BACKGROUND**[2]

A full history of this dispute helps contextualize Plaintiff's request and the two-year gap between the Certification Order and Notice Order.[3] On April 19, 2019, Plaintiff moved for conditional collective-group certification. D.E.s 79-80. On November 27, 2019, the Court conditionally certified a class comprising "sushi chefs, including subcontractor sushi chefs, or staff workers at any time from January 18, 2010 to present; and (2) all individuals employed by Defendants who were wage earners and who did not receive overtime pay since January 18,

---

[2] Pursuant to Local Civil Rule 78.1, the Court decides this matter without oral argument.
[3] Plaintiff originally filed this matter in the Southern District of New York before it was transferred here. D.E. 41. There was significant motion practice before the matter substantively proceeded here, including Plaintiff's motion to send the action back to New York, D.E. 42, and Plaintiff's subsequent motion to consolidate this matter with another in this District, D.E. 67. Both were denied. D.E.s 54, 74.

2019[.]" Certif. Order.  The Court ordered Defendants to identify the members of the conditional class and their contact information, and Plaintiff to submit a proposed form of notice.  *Id.*  The Court denied Defendants' requests to reconsider.  D.E.s 100, 103.

The parties collaborated on English and Korean Notices; the Court approved them on March 22, 2022.  D.E.s 123, 136.  According to Plaintiff's counsel, he discovered at that time that the list of class members comprised 73 business entities and 175 individuals.  Kimm Decl. ¶ 10.  Of the mailings to the 175 individuals, the United States Postal Service returned 70 as undeliverable.  *Id.*; D.E. 141.  Plaintiff's counsel's staff attempted to hand-deliver the remaining 105, finding in the process that more than half of the addresses were incorrect.  Kimm Decl. ¶ 10.

Plaintiff's counsel has concluded that about 50 percent of the 175 individual addresses were not valid between April 2022, when mailings were attempted, and October 2022, when he filed this application.  *Id.* ¶ 11.  Plaintiff's counsel blames this on the individuals' relocation, or Defendants providing outdated information.  *Id.*  Plaintiff argues that mailed notice is clearly ineffective, and therefore seeks to modify the conditional class certification order by permitting notice by cell phone and email.  *Id.*  Judge Espinosa granted Plaintiff leave to file a motion requesting that relief, which prompted this application.  D.E. 158.

After Judge Arleo issued the November 27, 2019 Certification Order, Defendants, whose new counsel had just entered an appearance, sought informally to reconsider the Certification Order.  D.E.s 95, 96.  Judge Arleo rejected these efforts.  D.E. 100.  Plaintiff filed the Notice on December 29, 2019 for the Court's consideration.  D.E. 97.  Magistrate Judge Hammer, who was previously assigned to this matter, then rejected Defendants' third request to reconsider.  D.E. 103 (denying D.E. 102).

In the intervening period—which coincided with the beginning of the COVID-19 pandemic—the parties had numerous conferences with Judge Hammer to resolve disputes regarding the Notice, some of which stemmed from the parties' dueling interpretations of Judge Arleo's ruling. *See* D.E. 113. This resulted in at least one amendment. D.E. 119. Plaintiff submitted a new notice on August 3, 2020. D.E. 123.

For reasons that are not immediately clear, Plaintiff took no action for about a year. During the intervening period, the matter was reassigned to Magistrate Judge Espinosa, who conducted his first conference on November 9, 2021. After that conference, Judge Espinosa directed Plaintiff to file an application for approval of the Notice by November 17, 2021, which "shall comply with" prior orders. D.E. 131.

Plaintiff did not file the new Notice until January 12, 2022. D.E. 132. Defendants objected based on the time that had passed, arguing "prejudice" stemming from the "passage of time with respect to, *inter alia*, potential damages." D.E. 133 at 2. On March 16, 2022, Plaintiff submitted a status report indicating that the parties were still waiting for the Court's review of the Notice. D.E. 135. Though Plaintiff's original motion for conditional certification requested service by email and text message, the proposed Notice Order limited service to regular and/or certified mail, courier service, or hand delivery. On March 22, 2022, Judge Arleo signed the Notice Order. No reason for the limitation to non-electronic service was discussed on the record.

On June 27, 2022, Plaintiff filed a letter request for "leave to re-serve the putative collective group by email and mobile phone text messaging methods." D.E. 143. The matter was reassigned to the undersigned the next day. D.E. 144. Judge Espinosa denied Plaintiff's request on July 8, 2022. Judge Espinosa concluded that Plaintiff had not demonstrated good cause for supplemental

service because Plaintiff had submitted no authority for additional service, and because Judge Arleo had already considered and declined to approve additional notice. D.E. 147.

Plaintiff moved to reconsider. D.E. 148. Over Defendants' opposition, Judge Espinosa granted the motion, without reaching the merits, to the extent of permitting Plaintiff to move this Court to consider the additional service methods. D.E. 158.

## II.    ANALYSIS

As an initial matter, despite Defendants' objections, this motion is not procedurally defective as an untimely motion for reconsideration. District courts have the discretion to permit late motions for reconsideration if they have a sound rationale to do so, and if the departure does not unfairly prejudice a party who has relied on the local rule. *Gay v. Rorer*, No. 16-6634, 2018 U.S. Dist. LEXIS 696, at *6 (E.D. Pa. Jan. 3, 2018) (citing *United States v. Eleven Vehicles,* 200 F.3d 203, 214 (3d Cir. 2000)). The record is unclear as to how much any delay is attributable to any one party, though at least some of the delay, can fairly be attributed to Defendants, who filed numerous motions objecting to the conditional class certification.

There is also nothing to "reconsider." While Defendants are correct that Plaintiff raised—and Judge Arleo rejected—Plaintiff's initial efforts to include phone and email as notice, there is an important distinction between Plaintiff's initial efforts and what Plaintiff seeks to do now: seeking supplemental service service based on new information about attempting to reach class members. *See Hernandez v. Helix Energy Sols. Grp., Inc.*, No. H-18-1588, 2019 U.S. Dist. LEXIS 3476, at *8-9 (S.D. Tex. Jan. 8, 2019) ("Not before the court in its consideration of the original motion for class certification and expedited discovery was Helix's alternative proposal to provide email addresses if first-class mail notice is returned as undeliverable.").

5

Ultimately, the motion's designation is irrelevant; the Court can revise its own orders at any time. *Whitemere Dev. Corp. v. Cherry Hill*, 786 F.2d 185, 187-88 (3d Cir. 1986) ("Rule 60(a) allows a court to correct clerical mistakes and orders at any time, on its own initiative or on motion of a party.") (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2854 ("If the intention of the judge to include a particular provision in the judgment was clear, but he neglected to include the provision, the rule authorizes correction of the judgment.")). Here, the requested revision is the modified notice method to prospective members of the conditionally certified class now that physical mailing has encountered significant obstacles.

District courts are afforded broad discretion in determining how notice will be sent to putative plaintiffs. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). As always, the Court's primary concern is due process; in the FLSA/collective context, notice satisfies due process considerations where it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Nat'l Football League Players*, 821 F.3d at 435 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Wood v. Saroj & Manju Invs. Phila. LLC*, No. 19-2820, 2020 U.S. Dist. LEXIS 253960, at *13 (E.D. Pa. May 13, 2020). Courts have "broad discretion to craft appropriate notices" that effectuate the overarching policies of the collective suit provisions and provide employees with "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (quoting *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989).

Generally putative class members' names and addresses are sufficient to ensure that notice is received. *Garcia v. TWC Admin., LLC*, 2015 U.S. Dist. LEXIS 50384, at *4 (citing *e.g., Altiep*

6

*v. Food Safety Net Servs., Ltd.*, No. 14-CV-00642, 2014 U.S. Dist. LEXIS 114835 (N.D.Tex. Aug. 18, 2014) (denying plaintiffs' request for telephone numbers and email addresses because "[p]laintiffs have shown no reason that sending a letter to a potential plaintiff's last known address would provide inadequate notice'"); *Aguayo v. Bassam Odeh, Inc.*, No. 3:13-CV-2951, 2014 U.S. Dist. LEXIS 24573 (N.D. Tex. Feb.26, 2014) ("limiting production to putative class members' names, last known addresses, and dates of employment"); *Page v. Nova Healthcare Mgmt., LLP*, No. 12-2093, 2013 U.S. Dist. LEXIS 127252 (S.D.Tex. Sept. 6, 2013) ("denying plaintiffs' request for telephone numbers 'because of the highly private and sensitive nature of this information' and limiting production to potential plaintiffs' names and last known mailing addresses")).

Courts diverge on the appropriateness of producing email addresses for collective notice, though many have been inclined to permit *alternative* electronic notice if a plaintiff has demonstrated that mailing has proven ineffective. *See Hernandez*, 2019 U.S. Dist. LEXIS 3476, at *8; *Garcia, LLC*, 2015 U.S. Dist. LEXIS 50384, at *5; *Wilson v. PNK (River City), LLC*, No. 4:15CV00380, 2015 U.S. Dist. LEXIS 115261, at *10-11 (E.D. Mo. Aug. 31, 2015); *O'Quinn v. TransCanada USA Servs., Inc.*, 469 F. Supp. 3d 591, 610 (S.D.W.Va. 2020) (reminder notice after initial mailing "unnecessary and inappropriate, except where notice is returned as undeliverable"); *Morrissey v. Cruisin' Chubbys Gentlemen's Club*, No. 17-cv-125, 2019 U.S. Dist. LEXIS 234589, at *3-4 (W.D. Wis. Jan. 3, 2019) ("[I]f mail notices are returned as undeliverable, the parties should attempt to contact those individuals by telephone if telephone numbers are available. Because the number of class members is relatively small (the parties' estimate is 109), this should not be a significant burden on counsel.").

Courts are, however, more inclined to consider some form of electronic notice where the targeted parties may be engaged in seasonal or other temporary work for employers with high

turnover, or are otherwise unlikely to receive mail due to the nature of their work. *See, e.g., Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1129 (D.N.M. 2017) (approving class notice by email and text message to putative class of oilfield equipment operators who may be "dispersed to various wellsites around the country and may be away from their homes and addresses of record for weeks or months at a time"); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) (approving class notice by email and text message); *Lynch v. Dining Concepts Grp., LLC*, No. 2:15-CV-580-PMD, 2015 U.S. Dist. LEXIS 138290, at *6 (D.S.C. Oct. 8, 2015) (approving class notice by email to putative class that included "many seasonal employees," and by text message where both mail and email notices were returned as undeliverable); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-CV-2625, 2015 U.S. Dist. LEXIS 90616, at *5 (S.D.N.Y. July 13, 2015) (approving class notice by text message to putative class of restaurant employees due to "high turnover characteristic of the restaurant industry"); *Calder v. GGC-Baltimore, LLC*, No. CIV. BPG-12-2350, 2013 U.S. Dist. LEXIS 94466, at *3 (D. Md. July 8, 2013) (approving class notice by email to putative class of exotic dancers); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) (allowing notice by email, in addition to first-class mail, because email communication is "now the norm" and potential plaintiffs were technicians who would be especially likely to communicate by email).

However, Defendants argue correctly that Plaintiff has provided little evidence of its assertions that mailed notice has been ineffective, or other evidence that the targeted class consisted of high-turnover employees. Opp'n at 8. Indeed, the only submission of any kind is the certification of Plaintiff's counsel, which summarizes in very general terms the efforts of his staff to serve potential class members. D.E. 159-1. Nothing is submitted from those staff members.

Despite the defects in his submission highlighted by Defendants, Plaintiff's counsel did not file any reply, let alone submit any certification detailing efforts at service, locating class members, or otherwise meaningfully progressing this matter.[4]  Nor does Plaintiff explain why he failed to provide authority in the initial motion to modify the class notice.  Thus, even if some delays were outside of Plaintiff's control, the fact remains that counsel has failed to take advantage of the numerous opportunities offered to merit the Court modifying its earlier order.  The motion will therefore be denied.

### III.   CONCLUSION AND ORDER

For the reasons above,

IT IS, on this **6th** day of **June**, 2023,

**ORDERED** that Plaintiff's motion for disclosure of email addresses and cell phone numbers (D.E. 159) is **DENIED**; and it is further

**ORDERED** that the parties shall forthwith coordinate with Judge Espinosa to schedule a further status conference and move this matter forward expeditiously.

Evelyn Padin, U.S.D.J.

---

[4] Nor is this the first time that Plaintiff's counsel has failed to reply.  On prior occasions, including the motion that led to the Certification Order, the Court has reminded Plaintiff that he should file a reply.  *See* D.E. 50, D.E. 88.